UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| **CHARLOTTE GROSS**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**SIGNATURE HOME COMPANIONS OF FLORIDA, LLC** (d/b/a Senior Home Companions), a Florida limited liability company,<br><br>Defendant. | CIVIL ACTION<br><br>Case No.  8:21-cv-2434<br><br>Judge:<br><br>Mag. Judge: |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**NOW COMES** the Plaintiff, **CHARLOTTE GROSS** ("**GROSS**"), by and through undersigned counsel, and state the following for her Complaint:

**CAUSES OF ACTION**

1. This is an action brought under the federal Fair Labor Standards Act ("FLSA") and common law for unpaid overtime wages.

**PARTIES**

2. The Plaintiff, **CHARLOTTE GROSS** ("**GROSS**") is an individual and a resident of Florida who at all material times resided in Sarasota County, Florida and worked for the Defendant primarily in Sarasota County, Florida. At all material times, **GROSS** was employed by the Defendant as an office scheduler

1

and was paid on an hourly basis. A great number of the customers **GROSS** served were residents of other states who visit Southwest Florida on only a seasonal basis or on vacation. **GROSS** began the flow of interstate commerce for by, *inter alia*, generating and processing billing, which collected funds from out-of-state sources. **GROSS** performed work in Sarasota County, Florida, which is within the Middle District of Florida, during the events giving rise to this case. **GROSS** was an employee within the contemplation of 29 U.S.C. 203(e)(1). Thus, pursuant to 28 U.S.C. 1391(b), venue for this action lies in the Middle District of Florida.

3. The Defendant **SIGNATURE HOME COMPANIONS OF FLORIDA, LLC** (d/b/a Senior Home Companions)("**SHC**") is a Florida limited liability company and has a principal place of business located in Sarasota County, Florida, and provides non-medical, elderly care companion services to older adults in both Indiana and Florida. **SHC** has gross annual income well in excess of $500,000.00 per year and is engaged in interstate commerce; it is a covered employer under the FLSA (29 U.S.C. §203(d), (r) and (s)). **SHC**'s employees are engaged in interstate commerce and their business model specifically involves interstate flow of commerce. **SHC** collects monies, most of which is from out-of-state financial institutions. **SHC** has the authority to hire, fire, assign work, withhold work and affect the terms and conditions of persons like Plaintiff. **SHC** supervised and controlled Plaintiff's work schedules and conditions of employment, in addition to determining the rate and method of payment for

Plaintiff. **SHC** maintains employment records of Plaintiff. **SHC** was the employer of Plaintiff.

## JURISDICTION AND VENUE

4.  This Court has jurisdiction of this matter under 28 U.S.C. §1331, 1343(4), 2201 and 2202 and pursuant to the Fair Labor Standards Act (FLSA") 29 U.S.C. §§216(b) and 217. The jurisdiction of this Court is invoked to secure the protection and redress of the deprivation of rights secured by the FLSA.

5.  Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff worked in, and the Defendant conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Sarasota County, Florida, which is within the Middle District of Florida. Venue is proper in the Tampa Division under Local Rule 1.04 since the action accrued in Sarasota County, which is within the Tampa Division.

## GENERAL ALLEGATIONS

6.  **GROSS** began her employment with the Defendant on February 9, 2016.

7.  **GROSS** was employed by the Defendant as an office scheduler and was initially paid on an hourly basis ($16.00/hour) but switched to being paid on a salary basis as of March 5, 2021.

8.  **GROSS**'s role was non-management and did not include advising the Defendant regarding violations of state or federal wage/hour law.

9.      **GROSS** was required by the Defendant to work sixty (60) hours per week (and many more during the busy winter "season," including as much as 80 hours per week), and did so without proper overtime compensation.

10.     **GROSS**'s employment ended on or about July 27, 2021 without the Defendant having properly compensated her for at approximately 27 hours per week of overtime hours.

11.     Because **GROSS** performed worked in excess of forty (40) hours per week, such practice violates the overtime pay provision of the FLSA by virtue of the Defendant's failure to pay compensation at a rate of one and one-half (1 and 1/2) times Plaintiff's regular rate of pay.

12.     The Defendant's practices alleged *supra*, requires employees like Plaintiff to perform work for the benefit of the Defendant for which the employees are not compensated and thus the Defendant has been unjustly enriched.

13.     The Defendant later misclassified Plaintiff as FLSA-exempt despite her continuing to perform strictly nonexempt duties.

14.     The Defendant did not pay Plaintiff proper overtime.

15.     The Defendant should have been paying Plaintiff on an hourly, non-exempt rate during the entire course of her employment with the Defendant.

16.     Notwithstanding the same, the Defendant still refused to properly compensate Plaintiff on an hourly, non-exempt basis in compliance with the FLSA.

17. The Defendant failed to act in good faith and did not have a reasonable belief they had complied with the FLSA.

18. The Defendant has violated the FLSA by failing to pay overtime wages to Plaintiff.

## COUNT I: VIOLATION OF THE FLSA- UNPAID OVERTIME

19. The Plaintiff hereby incorporates Paragraphs 1-18 in this Count as though fully set forth herein.

20. Plaintiff was actually a covered, non-exempt employee under the FLSA at all times during her employment with the Defendant.

21. The Defendant was required by the FLSA to pay Plaintiff at least time and one-half for all hours worked by them in excess of 40 hours per week.

22. The Defendant had operational control over all aspects of Plaintiff's day-to-day functions during her employment, including compensation.

23. The Defendant was Plaintiff's employer and are liable for violations of the FLSA in this case.

24. The Defendant violated the FLSA by failing to pay Plaintiff at least time and one-half for all hours worked over 40 per week.

25. The Defendant has willfully violated the FLSA in refusing to pay Plaintiff's proper overtime for all hours worked over 40 per week.

26. As a result of the foregoing, Plaintiff has suffered damages of lost wages.

27. The Defendant is the proximate cause of Plaintiff's damages.

**WHEREFORE,** the Plaintiff prays that this Honorable Court enter a Judgment in her favor and against the Defendant for an amount consistent with evidence, together with liquidated damages, the costs of litigation, interest, and reasonable attorneys' fees.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b) and the Seventh Amendment to the United States, the Plaintiffs demand a trial by jury as to all issues triable as of right.

Respectfully submitted,

Dated: October 15, 2021        **/s/ Benjamin H. Yormak**
Benjamin H. Yormak
Florida Bar Number 71272
Lead Counsel for Plaintiff
Yormak Employment & Disability Law
9990 Coconut Road
Bonita Springs, Florida 34135
Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: byormak@yormaklaw.com